IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MILLER INSULATION, Co., a North Dakota corporation, | ) ) ) | |
| Plaintiff, | ) ) | 4:08CV3159 |
| V. | ) ) ) | |
| BEATRICE BIODIESEL, LLC, a Nebraska limited liability company, and RYAN & ASSOCIATES, Inc., an Iowa corporation, | ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) ) | |

This matter is before the court on Plaintiff Miller Insulation Co., Inc.'s ("Miller") motion for partial summary judgment (filing 35) and Defendant Ryan & Associates, Inc.'s ("Ryan") motion for summary judgment (filing 38). For the reasons set forth below, Miller's motion for partial summary judgment will be denied and Ryan's motion for summary judgment will be granted.

**I.   Background**

This is a diversity action concerning a contract dispute between Plaintiff Miller and Defendants Ryan and Beatrice Biodiesel, LLC ("Beatrice Biodiesel"). The suit arises from the construction of a biodiesel plant in Beatrice, Nebraska.

Miller provides commercial insulation services primarily to renewable fuel plants (filing 1). Ryan, in its role as general contractor for piping work at the biodiesel plant being built by Beatrice Biodiesel, contacted Miller about providing insulation services for the construction of the facility. (*Id.*)  On or about June 6,

2007, Miller entered into a "Subcontract Purchase Order" (the "Contract") with Ryan. Pursuant to the Contract, Miller, as Ryan's subcontractor, was to provide the labor, equipment and material described in the scope of work in the Contract. (*Id.*) Miller provided such work in October, November and December of 2007. (*Id.*)

At some point during the construction of the plant, Beatrice Biodiesel ran into financial trouble.[1] Consequently, Beatrice Biodiesel ceased making payments to Ryan for work performed by Ryan and Miller. Ryan contends that because it stopped receiving payments from Beatrice Biodiesel, it has no obligation to pay Miller the remaining sums Miller is owed for its work on the project.[2] (Filing 42, Def.'s Br. Supp. Mot. Summ. J. at CM/ECF p. 2.) Ryan relies on the following "pay-if-paid" provision in the Contract to justify its non-payment to Miller:

> Receipt of payment for [Miller's] work by [Ryan] shall be a condition precedent to the right of [Miller] to receive payment from [Ryan]. [Miller] acknowledges that it relies on the credit of [Beatrice] and the General Contractor, not [Ryan] for the payment of [its] work.

(Filing 1, Ex. A.)

Miller subsequently filed this suit against Ryan and Beatrice Biodiesel alleging

---

[1] This action has been stayed as against Beatrice Biodiesel on account of bankruptcy proceedings (filing 10). Beatrice Biodiesel filed a Petition for Chapter 11 Bankruptcy on August 21, 2008. *In re Beatrice Biodiesel, LLC*, Case No. 4:08bk41927, Filing 7 (Bankr. D. Neb. 2008). The bankruptcy was converted to a Chapter 7 on October 21, 2008. *Id.*

[2] Ryan claims that it has paid Miller for all of Miller's work for which it has received payment from Beatrice Biodiesel. (Filing 42, Def.'s Br. Supp. Mot. Summ. J. at CM/ECF p. 5.) This contention does not appear to be disputed by Miller.

breach of contract[3] and seeking a declaratory judgment that the pay-if-paid provision in the Contract is invalid as against public policy. (Filing 1.)

Currently before the court are the parties' cross motions for summary judgment. The question presented is the enforceability of the pay-if-paid provision in the Contract. Miller contends that summary judgment is appropriate as to its declaratory judgment cause of action because the undisputed facts show that the pay-if-paid clause is void as a matter of law. (Filing 37, Pl.'s Br. Supp. Mot. Partial Summ. J.) Conversely, Ryan argues that on account of the pay-if-paid provision, it presently has no contractual obligation to pay Miller and, therefore, Miller's suit against Ryan must be dismissed in its entirety. (Filing 42, Def.'s Br. Supp. Mot. Summ. J. at CM/ECF pp. 2-3.) For the reasons set forth below, this court agrees with Ryan.

## II. Analysis

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). *See also* Egan v. Wells Fargo Alarm Servs., 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. Bell v. Conopco, Inc., 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. Dancy v. Hyster Co., 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate their allegations with "sufficient probative evidence [that] would

---

[3] The contract dispute between Miller and Beatrice Biodiesel stems from a Letter of Intent for Trade Contract allegedly executed between them (filing 1).

permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy." *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (*quoting Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially, the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

### 1.     Choice-of-Law

Before addressing the question of the enforceability of the pay-if-paid clause, the court must turn its attention to a choice-of-law issue. The Contract in this case contains a choice-of-law provision which provides that the Contract and all disputes between the parties are to be governed by Iowa law. Thus, the first point of contention between Miller and Ryan is what state's law governs this dispute–that of Nebraska or Iowa. This court concludes that Iowa law should apply.

In diversity cases, the choice of law is governed by the forum state's choice-of-law rules. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *In re Derailment Cases,* 416 F.3d 787, 794 (8th Cir. 2005). Nebraska follows the Restatement (Second) of Conflicts of Laws. *See DCS Sanitation Mgmt., Inc. v. Casillo,* 435 F.3d 892, 895 (8th Cir. 2006); *Inacom Corp. v. Sears, Roebuck & Co.,* 254 F.3d 683, 687 (8th Cir. 2001). With respect to contracts, "Nebraska courts generally give effect to the parties' choice of law." *DCS Sanitation Mgmt.*, 435 F.3d at 896 (stating that "the parties' contractual choice of law will apply unless (1) 'the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice,' or (2) 'application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which . . . would be the state of the

4

applicable law in the absence of an effective choice of law by the parties.'") (quoting Restatement § 187(2)(a)(b)).

Miller argues that Nebraska law should govern because Nebraska has a materially greater interest in the outcome of this case. Miller points out that Nebraska was the place of the performance of the contract. While this is true, it cannot be said that there is no reasonable basis for Iowa law to apply to this dispute. Ryan is an Iowa Corporation, with its principal place of business in Iowa and Miller is a North Dakota Corporation. (Filing 1). Miller sent its bills to Ryan's home office in Davenport, Iowa and payment to Miller was issued from Ryan's Iowa office. (Filing 41, Peters Dep. 124:18-25, 125:1-8.) Thus, although the work was performed in Nebraska, it is not unreasonable to apply Iowa law.

Miller also argues that the court should apply Nebraska law because Nebraska has adopted public policy grounds for rejecting pay-if-paid provisions. Miller maintains that in *D.K. Meyer Corp. v. Bevco*, 206 Neb. 318, 292 N.W.2d 773 (1980), the Nebraska Supreme Court used "compelling" language indicating that pay-if-paid provisions violate Nebraska public policy. This court disagrees that *D.K. Meyer* established precedent which precludes this court from enforcing a pay-if-paid provision contained in a contract between out-of-state corporations or that such enforcement would violate a fundamental Nebraska public policy.

In *D.K. Meyer*, a contractor claimed it was not obligated to pay the subcontractor for its work, relying on the following clause in the parties' contract:

> [T]he Contractor shall not be liable for, nor bound in any respect to the Sub-Contractor for the payment to him of his monthly or final estimates of any monies in excess of an amount which the Contractor receives from the Owner for the Sub-Contractor's work.

*Id*. at 323, 292 N.W.2d at 776. The Nebraska Supreme Court concluded that the

provision merely provided the contractor with a reasonable time within which to obtain payment from the owner. *Id.* at 324, 292 N.W.2d at 776.

Contrary to Miller's position, *D.K. Meyer* does not establish precedent which precludes this court from applying Iowa law. First, unlike the provision at issue here, the clause involved in *D.K. Meyer* does not contain language explicitly making payment contingent on receipt of funds from the owner or shifting the risk of owner nonpayment to the subcontractor. Second, in *D.K. Meyer*, the Nebraska Supreme Court indicated that its decision stemmed, at least in part, from the fact that the owner's nonpayment may have resulted from a separate dispute between the owner and the contractor. *Id.* at 324, 292 N.W.2d at 777. In short, the circumstances of *D.K. Meyer* are distinguishable from the situation presented here. Therefore, this court will give effect to the parties' contractual choice of law. Iowa law will govern this dispute.

### 2. Pay-When-Paid and Pay-If-Paid Clauses

Construction contracts often contain provisions referred to as "pay-when-paid" and "pay-if-paid" clauses. While these are distinct types of contractual provisions, not all courts have clearly distinguished these terms. The distinction between pay-when-paid and pay-if-paid clauses was, however, noted by the Tenth Circuit in *MidAmerica Const. Management Co., Inc. v. Mastec North America, Inc.,* 436 F.3d 1257 (10th Cir.2006). The Tenth Circuit stated:

> A typical "pay-when-paid" clause might read: "Contractor shall pay subcontractor within seven days of contractor's receipt of payment from the owner." Under such a provision in a construction subcontract, a contractor's obligation to pay the subcontractor is triggered upon receipt of payment from the owner. Most courts hold that this type of clause at least means that the contractor's obligation to make payment is suspended for a reasonable amount of time for the contractor to receive payment from the owner.

6

> A typical "pay-if-paid" clause might read: "Contractor's receipt of payment from the owner is a condition precedent to contractor's obligation to make payment to the subcontractor; the subcontractor expressly assumes the risk of the owner's nonpayment and the subcontract price includes this risk." Under a "pay-if-paid" provision in a construction contract, receipt of payment by the contractor from the owner is an express condition precedent to the contractor's obligation to pay the subcontractor. A "pay-if-paid" provision in a construction subcontract is meant to shift the risk of the owner's nonpayment under the subcontract from the contractor to the subcontractor . . .

[Id. at 1261-62](#) (citations omitted).

In this case, the Contract provides:

Receipt of payment for [Miller's] work by [Ryan] shall be a condition precedent to the right of [Miller] to receive payment from [Ryan]. [Miller] acknowledges that it relies on the credit of [Beatrice] and the General Contractor, not [Ryan] for the payment of [its] work.

([Filing 1, Ex. A.](#)) The parties agree that the provision at issue in this case is a "pay-if-paid" clause. The provision could not be more clear in that receipt of payment from Beatrice Biodiesel is a condition precedent to Ryan's obligation to pay Miller. Thus, the dispute between Ryan and Miller does not involve a question of contract interpretation, rather, the outcome of these motions hinges entirely upon whether pay-if-paid provisions are contrary to Iowa law. For the reasons explained below, this court concludes that they are not.

### 3. Enforceability of Pay-If-Paid Provisions Under Iowa Law

The parties agree that there are no express constitutional or statutory prohibitions to enforcement of pay-if-paid provisions under Iowa law. Miller maintains, however, that Iowa statutes and case law indicate that Iowa has a public

7

policy against the enforcement of such clauses. Therefore, according to Miller, it is entitled to summary judgment on its declaratory judgment cause of action. The court finds no merit to this contention.

Miller primarily relies on *Grady v. S.E. Gustafson Construction Co.*, 251 Iowa 1242, 103 N.W.2d 737 (1960) in support of its argument that Iowa public policy precludes the enforcement of the pay-if-paid provisions. In *Grady*, a contractor refused to pay the subcontractor for final payment of his work, citing the following clause in the parties' contract:

> [E]xcept the final payment, which said Contractor shall pay to said Subcontractor in full within three (3) days after final acceptance of the project and payment of the final estimate by the Iowa State Highway Commission.

*Id.* at 1245, 103 N.W.2d 738-39. Interpreting the provision, the Iowa Supreme Court found that "[a] proper interpretation of the contract and dealings of the parties requires each to [make payment] in a reasonable time. In all events it is the intention of the parties here [that] the final payment is an absolute debt of defendant." *Id.* at 1246, 103 N.W.2d at 739. The court continued, however, stating that "[p]rovisions similar to the one here have been held valid and enforceable, but where the contractor has by his own fault lost the right to payment the subcontractor is entitled to his compensation." *Id.*

*Grady* does not establish precedent which precludes enforcement of pay-if-paid clauses. The provision involved in *Grady* appears to be a pay-when-paid clause which, unlike the clause at issue here, contains no language clearly stating that receipt of payment from the owner is a condition precedent to payment or declaring that the subcontractor shall bear the risk of owner default. Accordingly, the Iowa Supreme Court interpreted the clause as only postponing payment for a reasonable period of time. The Iowa Supreme Court did not hold, or even imply, that a provision which

expresses an unambiguous condition precedent to payment or explicitly shifts the risk of owner nonpayment to the subcontractor is contrary to Iowa public policy. Rather, the Supreme Court indicated that it was the intent of the contracting parties which was determinative to resolution of the dispute. *Id.* In short, *Grady* does not express a public policy disfavoring pay-if-paid clauses.

Miller also argues that Iowa Code § 573.12(b) suggests that Iowa law disapproves of pay-if-paid clauses. Miller contends that the statute evidences a legislative intent to protect subcontractors from nonpayment by contractors. Section 573.12(b) provides:

> A progress payment or final payment to a subcontractor for satisfactory performance of the subcontractor's work shall be made no later than one of the following, as applicable:
>
> (1)   Seven days after the contractor receives payment for that subcontractor's work.
>
> (2)   A reasonable time after the contractor could have received payment for the subcontractor's work, if the reason for nonpayment is not the subcontractor's fault.

Iowa Code § 573.12(b).

The court disagrees that Section 573.12(b) indicates that there is an Iowa public policy which precludes enforcement of pay-if-paid provisions. This statute only deals with "Labor and Material on Public Improvements." Iowa Code § 573.12(b). It was meant to benefit subcontractors on public improvement projects, where there is really no risk that the government, as owner, will become insolvent. Section 573.12(b) appears to only create a time frame for subcontractor payment under those circumstances. The biodiesel plant being constructed by Beatrice Biodiesel was not under a public improvement contract and there was no bond. As a result, there was

9

a risk of owner non-payment, which Miller voluntarily decided to bear. Section 573.12(b) is irrelevant to the situation presented here and does not evidence a public policy precluding private parties from knowingly entering into contracts containing pay-if-paid clauses.

There is no dispute that the clause presently in question is an unambiguous pay-if-paid provision which expresses a condition precedent to payment and purports to shift the risk of owner non-payment to Miller. This court has found no public policy reason not to enforce this provision. Thus, because the intent of the parties is expressed in clear language and the parties here are sophisticated business entities that voluntarily negotiated and entered into a contract, this court will enforce the pay-if-paid provision. *See Petty v. Faith Bible Christian Outreach Ctr., Inc.,* 584 N.W.2d 303, 306 (Iowa 1998) (stating that "where the intent of the parties is expressed in clear and unambiguous language, we enforce the contract as written.")

IT IS ORDERED:

1. Miller's motion for partial summary judgment (filing 35) is denied;

2. Ryan's motion for summary judgment (filing 38) is granted;

3. Each of Miller's causes of action against Ryan (breach of contract and declaratory judgment) are hereby dismissed with prejudice;

4. Judgment pursuant to Fed. R. Civ. P. 54(b) will be entered by separate document.

November 10, 2009.

BY THE COURT:
*Richard G. Kopf*
United States District Judge

10